```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA         :

      - v -                      :     D E C L A R A T I O N

FRANCISCO COLON,                 :     07 CR 620 (NRB)

           Defendant.            :
- - - - - - - - - - - - - - - - - - x
```

    I, **STEVEN M. STATSINGER,** hereby declare under the penalties of perjury, pursuant to 28 U.S.C.§ 1746, that:

    1.  I am an attorney associated with Federal Defenders of New York, Inc., and have been appointed by the Court to represent the defendant, Francisco Colon, in this action. I make this declaration in support of a motion pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure to suppress physical evidence and statements obtained in violation of the Fourth Amendment to the United States Constitution or, in the alternative, for an evidentiary hearing.

    2. The statements contained in this Declaration are based on Mr. Colon's own Declaration and my review of the materials provided by government in discovery.

**Background**

    3. On July 11, 2007, Mr. Colon was presented and arraigned in this Court on the instant Indictment, which charges him with possessing a firearm as a previously convicted felon, in

-1-

violation of 18 U.S.C. § 922(g)(1). A copy of the Indictment is on file with the Court.

    4. On that same date, Mr. Colon entered a plea of not guilty to the Indictment.

**The Allegations in the Complaint Regarding the Recovery of the Firearm**

    5. On June 26, 2007, the government filed a Complaint against Mr. Colon, although he was not presented in this Court until after the Indictment was filed.

    6. According to the Complaint, on June 20, 2007, police officers traveling in a vehicle on Park Avenue near East 178th Street in the Bronx saw Mr. Colon "urinating against a wall." Complaint at ¶ 2(a).

    7. The Complaint further alleges that the officers exited their car to issue Mr. Colon a summons for public urination and to "take him back to the station house for processing." Complaint at ¶ 2(b).

    8. According to the Complaint, the officers, before putting Mr. Colon in the car, patted him down and felt what appeared to be a firearm. Complaint at ¶ 2(b).

    9. The officers threw Mr. Colon to the ground, handcuffed him, and recovered the firearm that is the subject of this Indictment. Complaint at ¶ 2(c).

**The Post-Arrest Statements**

    10. After the officers arrested Mr. Colon, they read him his

<u>Miranda</u> rights and he made both oral and written statements indicating, in substance, that he had been paid $10 to carry the firearm for someone else. Complaint at ¶¶ 2(d), 3.

11. In addition, the day after he was arrested, Mr. Colon made a substantially similar statement to an Assistant District Attorney. That statement was videotaped.

**Mr. Colon's Version of the Arrest**

12. In an accompanying Declaration, Mr. Colon explains that he was not urinating in public when the police stopped him. Colon Decl. at ¶ 4.

13. Rather, as he was walking up Park Avenue, he stopped to tie his boot. Colon Decl. at ¶ 4.

14. As he did so, he heard police officers call him over. Colon Decl. at ¶ 5.

15. Mr. Colon complied with the officers' instruction and, although he was not doing anything wrong, the officers patted him down and recovered the gun. Colon Decl. at ¶ 6-7.

**The Gun and Mr. Colon's Statements Must Be Suppressed**

16. In light of Mr. Colon's Declaration, the gun should be suppressed because the police officers lacked any lawful basis to stop him, arrest him or pat him down.

17. In addition, since Mr. Colon's statements are the fruit of the unlawful search, they too must be suppressed.

**Conclusion**

18. In light of the above, the Court should either suppress the gun and statements obtained from Mr. Colon or conduct an evidentiary hearing on this motion.

**WHEREFORE,** it is respectfully requested that this Court enter an order suppressing the physical evidence and statements obtained from Mr. Colon, or, in the alternative, granting a hearing on this motion.

Dated:   New York, New York
         September 7, 2007

_____
**STEVEN M. STATSINGER, ESQ**